**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER BERNAICHE,

        Petitioner,

v.                                      Case Number: 09-CV-11296
                                          Honorable Victoria A. Roberts

JEFFREY WOODS,

        Respondent.
        _____/

**OPINION AND ORDER**
**GRANTING PETITIONER'S MOTION TO STAY**
**HABEAS CORPUS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

**I.**

Petitioner Christopher Bernaiche, a state inmate incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a "Petition for Writ of Habeas Corpus" on April 7, 2009. (Dkt. # 1.)   In his pleadings, Petitioner challenges his convictions for (1) two counts of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(A), (2) three counts of assault with intent to murder, MICH. COMP. LAWS § 750.83, and (3) one count of felony firearm, MICH. COMP. LAWS § 750.227BA, imposed by a Wayne County, Michigan, circuit court jury.  He was sentenced to concurrent terms of life imprisonment for the first-degree murder and assault convictions, and a consecutive two-year term of imprisonment for the felony-firearm conviction.

Now before the Court is Petitioner's "Motion to Stay," filed on December 21, 2009. (Dkt. # 11.)  Petitioner requests that this Court hold the Petition in abeyance, so that he can return to State court to exhaust his remedies on his claims of ineffective assistance of trial and appellate counsel.  For the reasons stated, the Court stays the Petition so that Petitioner may exhaust.

**II.**

Petitioner's convictions arise from a December 27, 2002, altercation in which he fatally shot two people and wounded three others. At trial, he presented a defense of involuntary intoxication causing legal insanity, claiming his conduct was caused by the effects of the antidepressant drug Prozac. Petitioner began taking Prozac approximately two months before the events at issue, and his physician had doubled his dosage just a few days before the incident.

At trial, Petitioner presented Dr. Peter Breggin as an expert witness to support his defense that his violent behavior was caused by Prozac. Dr. Breggin testified that Prozac both stimulated and depressed Petitioner, leaving him susceptible to uncontrollable violent urges which prevented him from conforming his behavior to legal requirements. Dr. Breggin explained that Petitioner displayed the symptoms of mania while on Prozac, which were precursors to the violent episode.

The prosecutor relied on two experts, Dr. Philip Margolis, a psychiatrist employed by the Wayne County Jail, and Dr. Stephen Norris, a psychologist employed by the Center for Forensic Psychiatry, to rebut Petitioner's insanity defense. Drs. Margolis and Norris did not give testimony that directly contradicted Dr. Breggin's theory that Prozac may cause some individuals to become aggressive and violent, but both opined that Petitioner was not legally insane while on Prozac, since he maintained the capacity to appreciate the wrongfulness of his actions and to conform his actions to the requirement of the law.

Dr. Margolis evaluated Petitioner on December 8, 2003, and prepared a Report, dated December 23, 2003. The Report indicated that Dr. Margolis had reviewed materials on the

antidepressant drugs known as selective serotonin reuptake inhibitors (SSRIs),[1] such as Prozac. Such drugs have been linked to violent behavior. Basing his opinion on the inconsistencies between SSRI-induced violence and Petitioner's behavior, impressions from jail staff of Petitioner's behavior, Petitioner's history of substance abuse and anger, Petitioner's personal difficulties, and Petitioner's behavior on the night of the shooting, Dr. Margolis concluded that Petitioner was able to control his behavior on the night in question.

Dr. Margolis prepared a second Report ("Supplemental Report"), which he faxed to the prosecutor on January 12, 2004. The Supplemental Report summarized his review of published research on the link between SSRIs use and aggressive and violent behavior, and reported that a small minority of patients treated with SSRIs experience stimulating side effects that could possibly lead to aggressive or violent behavior. However, Dr. Margolis concluded that Petitioner did not exhibit any of those symptoms, and that his behavior could not be attributed to Prozac.

The prosecutor failed to disclose the Supplemental Report. Only after Petitioner's expert witness, Dr. Breggin, had completed his testimony and left the state, did defense counsel discover the existence of Dr. Margolis's Supplemental Report. The defense sought to exclude Dr. Margolis's testimony entirely, arguing that the prosecutor had failed to meet his obligation to disclose the Supplemental Report under the Michigan Court Rules. The trial court agreed that it should have been disclosed, but decided that the appropriate remedy was to limit Dr. Margolis's

---

[1] SSRIs are a class of compounds typically used as antidepressants in the treatment of depression, anxiety disorders, and some personality disorders. Depression (major depression); Selective serotonin reuptake inhibitors (SSRI) by Mayo Clinic staff, http://www.mayoclinic.com/health/ssris/MH00066 (last visited Jan.12, 2010).

testimony to his original Report rather than exclude it entirely.  The prosecution filed

a motion for immediate reconsideration, and the defense, in response, reiterated the request that the expert's testimony be stricken in its entirety.  The trial court denied both motions.

After Petitioner was convicted, he moved for a new trial on several grounds, including the prosecutor's failure to disclose the Supplemental Report.  The trial court agreed that the remedy applied during trial had been inadequate to redress the harm, and ordered a new trial. The Michigan Court of Appeals affirmed the trial court's decision.  *People v. Bernaiche*, Nos. 255081 & 261498, 2006 WL 1083596  (Mich.Ct.App. Apr. 25, 2006).  On February 1, 2008, the Michigan Supreme Court reversed that decision.  *People v. Bernaiche*, 480 Mich. 1046; 743 N.W.2d 882 (2008).  Petitioner has not filed any state-court motions.

### III.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that

"[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden to show that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he must show cause: (1) for failing to raise his unexhausted claims on his delayed application for leave to appeal to the Michigan Court of Appeals and (2) prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he must make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals advises that it is preferable for a district court to hold further proceedings on a habeas-corpus petition in abeyance pending exhaustion, rather than dismiss the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently

reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

The Court finds it is appropriate to enter a stay to allow Petitioner to present his unexhausted claims to the state courts, and return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Stay and abeyance is only appropriate when a district court determines that the petitioner shows good cause for the failure to first exhaust in state courts, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

Petitioner shows the need for a stay. It appears that Petitioner's claims of ineffective assistance of trial and appellate counsel are the "good cause[s]" for failing to exhaust. Therefore, Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether those claims have merit. The Court recognizes that the one-year limitations period applicable to this habeas action does not pose a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion. *See* 28 U.S.C. § 2244(d)(1). Nevertheless, the Court finds that Petitioner would be better served if he perfected his Petition through all avenues, before seeking this Court's assistance.

Additionally, the claim of ineffective assistance of trial counsel that Petitioner seeks to exhaust in the state courts does not appear to be "plainly meritless." Further, Petitioner will assert that he did not previously raise that claim in the state courts due to the ineffective assistance of appellate counsel. Finally, there is no indication of intentional delay by Petitioner.

Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

The Court holds the Petition in abeyance until Petitioner has exhausted available state-court remedies. *See Palmer*, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting his state-court remedies, the Court will impose upon Petitioner time limits within which he must proceed. *Id*.

### IV.

Accordingly,

**IT IS ORDERED** that further proceedings are held in abeyance pending exhaustion of state-court remedies. The case will be held in abeyance, provided that (i) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this Order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting his state-court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 14, 2010

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 14, 2010.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |